UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENTINO ACEVEDO-RODRIGUEZ, A-213-613-600 | No.  1:26-cv-1138-DAD-EFB (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, | |
| Respondent. | |

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  ECF No. 3.  For the reasons set forth below, the undersigned finds petitioner's claim for relief unexhausted and recommends that the proceeding be stayed and held in abeyance while the claim is exhausted.

**BACKGROUND**

A.    Factual Background

In his petition, petitioner alleges that he is a citizen of Mexico and is currently detained pending immigration removal proceedings, and has been detained since June 17, 2025.  ECF No. 1 at ¶ 16.  He alleges that he has been in the United States for more than twenty-five years and has children who are United States citizens.  ECF No. 13 at 3.  On July 28, 2021, he was convicted of oral copulation with an unconscious victim under California Penal Code § 287(f) (the "§ 287(f) conviction").  ECF No. 12-1; ECF No. 13 at 3.  Immigration and Customs

1

Enforcement (ICE) arrested him on October 21, 2021, and on December 8, 2021 an Immigration Judge (IJ) released him from custody on a $7,500 bond and with conditions of release.  ECF No. 1 at 68-71, 73, 75.  Petitioner alleges he has complied with his conditions of release.  *Id*. at ¶¶ 8, 37; ECF No. 13 at 3.

On September 5, 2023, an Immigration Judge ordered petitioner removed.  ECF No. 1 ¶ 3; ECF No. 13 at 3; *see also* EOIR Automated Case Information https://acis.eoir.justice.gov/en/caseInformation (accessed May 7, 2026).[1]  He appealed that order to the BIA, on an unknown date.  *See generally id*.  On August 26, 2025, the BIA affirmed the removal order and dismissed the appeal.  ECF No. 13 at 3; EOIR Automated Case Information https://acis.eoir.justice.gov/en/caseInformation (accessed May 7, 2026).  He appealed that decision to the Court of Appeals for the Ninth Circuit, where it presently remains pending.  ECF No. 13 at 3.

While petitioner's appeal from the removal order was pending in the BIA, he was arrested by respondents, on June 17, 2025.  ECF No. 13 at 5.  He alleges no prior notice or opportunity to respond.  *Id*.  Further, on June 23, 2025, his 2021 bond was administratively canceled.  *Id*.

On August 8, 2025, an Immigration Judge conducted a custody redetermination hearing and found that petitioner's § 287(f) conviction is not a petty offense within the meaning of § 212(a)(2)(A)(ii)(II) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(2)(A)(ii)(II).  ECF No. 1 at 47-48.  As a consequence of this finding, the IJ held that the 2021 bond determination was clear error and that petitioner instead is subject to mandatory detention under INA § 236(c)(1)(A), 8 U.S.C. § 1226(c)(1)(A).  *Id*. at 48.

On September 2, 2025, petitioner appealed to the BIA the bond decision rendered by the IJ on August 8, 2025.  ECF No. 12 at 44-53; ECF No. 13 at 5.  Per the undisputed record before the court, that appeal currently remains pending in the BIA.  ECF No. 12 at 2-3; ECF No. 13 at 5.

---

[1] The court takes judicial notice of the BIA's case information available on its website, pursuant to Federal Rule of Evidence 201.  *See Reyn's Pasta Bella, LLC, v. Visa USA Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006); *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Interstate Nat. Gas Co. v. S. Cal. Gas Co*., 209 F.2d 380, 385 (9th Cir. 1953).

B.      Procedural Background

Petitioner initiated this action in propria persona on February 9, 2026. ECF No. 1. The following day, the matter was referred to the undersigned, ECF No. 3, and on February 17, 2026, the undersigned appointed counsel for petitioner; set a schedule for the filing of an answer to the petition and reply thereto; and ordered respondent not to transport petitioner outside this judicial district pending further order of the court. ECF No. 8. On March 9, 2026, respondent filed an answer, ECF No. 12, and on March 23, 2026, petitioner, though counsel, filed his reply, ECF No. 13.

## DISCUSSION

In the petition, as clarified by the reply brief, petitioner raises a single claim for relief: that his June 2025 arrest without a pre-deprivation hearing violated his rights to due process under the Fifth Amendment. ECF No. 1 at 23, 25-30, 31-34; ECF No. 13 at 1-2, 6-14. He seeks as a remedy that he be ordered released pursuant to 8 U.S.C. § 1226(a), under the same terms as his 2021 bond order. ECF No. 1 at 34-35; ECF No. 13 at 18. Respondent argues that the claim has not been exhausted in the BIA and thus dismissal is proper. ECF No. 12 at 2-3. The undersigned agrees that the claim is required to be exhausted and has not been, and recommends that the proceeding be stayed and held in abeyance to enable petitioner to exhaust the claim.

The Court of Appeals has held that challenges to an IJ's bond determination must be exhausted in the BIA before the petitioner seeks habeas corpus relief in a federal district court from that bond determination. In *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011), petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond hearing violated his due process rights. *Leonardo*, 646 F.3d at 1159. The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in *Casas-Castrillon v. Department of Homeland Security,* 535 F.3d 942 (9th Cir. 2008), and refrained from entering judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held. *Leonardo*, 646 F.3d at 1159. Respondents complied with the order and an immigration judge held a bond hearing, at

3

which he denied bond upon finding petitioner was a danger to the community. *Id*. The petitioner did not appeal this determination to the BIA, but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the immigration judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process. *Id*.

The Court of Appeals held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by allowing review of the bond decision by the BIA. *Leonardo*, 646 F.3d at 1160. Because the relevant regulations permit an adverse bond decision to be appealed to the BIA, it was "improper" for petitioner to employ the "short cut" of seeking review of the IJ's bond decision in the district court before seeking review in the BIA. *Id*. (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008). Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court and the district court's decision would have been subject to review in this court." *Id*. Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Court held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination. *Id*. at 1160-61.

The Court of Appeals has not held expressly that the exhaustion requirement articulated in *Leonardo* applies to challenges to an IJ's determination that a noncitizen is ineligible for bond under 8 U.S.C. § 1226(c), but has so held in an unpublished decision. *Diaz Reyes v. Mayorkas*, No. 21-35142, 2021 WL 3082403 (9th Cir. July 21, 2021); *see also Diaz-Hilario v. Holder*, 474 F. App'x 706, 707 (9th Cir. 2012) (indicating same). District courts, too, have dismissed habeas petitions challenging a bond denial under § 1226(c) because petitioner has not exhausted his claim in the BIA, per *Leonardo* and related authorities. *See Avtar Singh v. Murray*, No. 117CV00739MJSHC, 2017 WL 6209384, at *4 (E.D. Cal. Dec. 8, 2017); *Francisco Cortez v.*

4

*Nielsen*, No. 19-CV-00754-PJH, 2019 WL 1508458, at *3 (N.D. Cal. Apr. 5, 2019); *Cruz v. Sessions*, No. 18-CV-06215-LHK, 2018 WL 6047287, at *3 (N.D. Cal. Nov. 18, 2018); *Romero v. Kaiser*, No. 22-CV-02508-TSH, 2023 WL 2351652, at *7 (N.D. Cal. Mar. 3, 2023); *see also Ibanga v. Holder*, No. 3:13-CV-2546-GPC WVG, 2014 WL 1912730, at *5 (S.D. Cal. May 13, 2014) (applying *Leonardo* but finding that petitioner had shown there were circumstances to excuse the exhaustion requirement).

The court finds that the prudential concerns driving the exhaustion requirement for challenges to a bond determination governed by § 1226(a) are equally forceful when considering a challenge arising from an IJ's determination that the noncitizen is ineligible for bond under § 1226(c). Prudential considerations that weigh in favor of requiring agency exhaustion are whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez v. Ashcroft,* 335 F.3d 874, 881 (9th Cir. 2003). Here, as in *Leonardo*, the second concern plainly favors exhaustion, as permitting petitioner to proceed in his habeas case while his appeal to the BIA is pending encourages bypass of the administrative review scheme. *See Leonardo*, 646 F.3d at 1160.

The third consideration, that exhaustion would allow the agency to correct its mistakes so as to preclude the need for judicial review, *Noriega–Lopez,* 335 F.3d at 881, also favors prudential exhaustion in this case. In his petition, as clarified in his reply, petitioner alleges that his current detention is unlawful because it flows from his June 2025 arrest, which itself reflected an unlawful revocation of petitioner's bond that had been granted under § 1226(a) in 2021. ECF No. 1 at 23, 25-30, 31-34; ECF No. 13 at 1-2, 6-14. The IJ's August 8, 2025 bond decision was that the 2021 grant of bond had originally been in error, and that petitioner should have instead been subject to the mandatory detention provision of § 1226(c). ECF No. 12 at 2, Ex. 4; ECF No. 13 at 5. The appeal of this decision is before the BIA and, per the record before the court, that appeal is still pending. ECF No. 12 at 2, Ex. 4; ECF No. 13 at 5. The record indicates that in the

appeal to the BIA, petitioner has raised almost identical legal arguments that he raises in his habeas petition in the instant proceeding (as clarified by the reply): that his June 2025 arrest was unlawful because there was no showing of changed circumstances and it did not occur pursuant to a custody redetermination hearing; that the arrest and his present detention violates his rights to due process under the Fifth Amendment; that the IJ's determination that petitioner is subject to mandatory detention under § 1226(c) is wrong as a matter of law and fact; and that petitioner is entitled to release under § 1226(a) under the terms of the prior bond decision.  ECF No. 12 at 49.  In light of this overlap, prudential exhaustion is appropriate.  *See Noriega-Lopez,* 335 F.3d at 881.  The appeal pending before the BIA will resolve, at the agency level, whether petitioner is properly detained pursuant to § 1226(c), on the same grounds as petitioner has raised before this court.  If the BIA reverses the IJ's determination, then the instant habeas case would become moot, as the BIA could issue the same relief that petitioner is requesting from the court, that he be re-released under the same bond conditions under § 1226(a) that he had been granted previously.  *Compare* ECF No. 12 at 49 *with* ECF No. 13 at 19.  If the BIA upholds the IJ's determination that the 2021 bond order had been in error, then that would affect the nature of the court's review of petitioner's claim pled in his habeas corpus petition, including the scope of petitioner's liberty interest at the time of his June 2025 arrest, relative to his claim that that arrest violated his due process rights.

In his reply brief, petitioner argues that the exhaustion requirement should be waived, ECF No. 13 at 14-15, but these arguments are not well-taken.  First, petitioner argues that exhaustion is futile because "[t]he BIA cannot find that the re-arrest was unlawful.  It cannot restore a bond order it did not issue.  It cannot award release based upon a Fifth Amendment procedural due process violation in the execution of an arrest."  ECF No. 13 at 14.  This argument, however, fails to acknowledge that petitioner has raised his due process challenge in his BIA appeal and has requested that, as a remedy, the BIA remand the matter to the IJ to impose the original bond.  *See* ECF No. 12 at 49.  Moreover, as observed above, petitioner's argument also elides the fact that the BIA's determination of whether the IJ was correct—that petitioner never should have been granted bond in 2021—will affect the due process analysis of the sole

6

claim that is before the court in habeas.

Petitioner also argues that exhaustion should be excused because relief in the BIA is functionally unavailable, due to the fact that petitioner's appeal in the BIA has been pending since September 2025. ECF No. 13 at 14-15. Agency delay in decision-making is a proper basis to excuse a prudential exhaustion requirement. *See McCarthy v. Madigan*, 503 U.S. 140, 146, 112 S. Ct. 1081, 1087, 117 L. Ed. 2d 291 (1992). Some district courts have held that a habeas petition challenging an IJ's bond denial need not be exhausted in the BIA due to delays at the BIA. Recently, the Western District of Washington waived exhaustion on this basis, on the showing that

> The BIA appeals process is long and generally moots pending bond appeals before they are adjudicated. *See* Dkt. 5 ¶ 5; Dkt. 7 ¶¶ 5–6. In 2024, EOIR data showed an average processing time of 204 days for bond appeals. Dkt. 7 ¶ 5. EOIR data also showed that 200 bond appeal cases "took a year or longer to resolve." *Id.* ¶ 6. During the time it takes the BIA to resolve an appeal, most detainees' claims are mooted. Dkt. 5 ¶ 5.

*Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1248 (W.D. Wash. 2025). Although this is compelling, petitioner fails to demonstrate that the same result should obtain here. Here, petitioner has not made any similar showing that BIA appeals on bond determinations are currently delayed, and, if so, the length of delay. *See generally* ECF Nos. 1, 13. Moreover, although the record indicates petitioner filed his appeal in the BIA on September 2, 2025, *see* ECF No. 12 at 44, there is nothing in the record indicating what action or inaction has occurred in the BIA appeal proceeding since that date. *See generally* ECF Nos. 1, 12, 13. Given that the BIA's ruling may be dispositive or at least informative to the issues petitioner has raised in his habeas corpus petition, and absent a specific showing in the record indicating the length of delay he has experienced or likely will experience in the BIA, the court finds that petitioner has not shown that the prudential exhaustion requirement should be waived here.

The undersigned recommends that, in lieu of dismissal, the proceeding be stayed and held in abeyance while petitioner's claim is exhausted. Under *Rhines v. Weber*, 544 U.S. 269 (2005), the district court may stay a habeas corpus proceeding and hold it in abeyance in order to permit

the petitioner to exhaust unexhausted claims.  Although the Court of Appeals has not held expressly that a *Rhines* stay is available to a petitioner who has brought a habeas corpus petition under 28 U.S.C. § 2241, courts that have considered the question have held a *Rhines* stay to be available to § 2241 petitioners.  *See Cruz v. Price*, No. 1:18-CV-01360-JLT-CDB (HC), 2025 WL 729114, at *3 (E.D. Cal. Mar. 7, 2025).  This also accords with the Court of Appeals' dicta in *Leonardo*, that because petitioner had not exhausted his claim in the BIA, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies."  *Leonardo*, 646 F.3d at 1160.

Given the record before the court, staying the proceeding and holding it in abeyance pending exhaustion is proper.  Under *Rhines*, a court may stay a petition for writ of habeas corpus pending exhaustion if the petitioner demonstrates (1) good cause for the failure to previously exhaust the claims, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief.  *Rhines*, 544 U.S. at 278.  Here, the first prong has been satisfied, as petitioner was pro se when he filed his petition containing the unexhausted claim and, as such, "cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel."  *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017).  Petitioner has satisfied prong two because his claim potentially has merit.  If petitioner had a cognizable liberty interest in freedom from detention prior to his June 2025 arrest, then his arrest and pre-removal detention arising therefrom may very well have deprived him of due process of law under the Fifth Amendment, entitling him to relief.  *See, e.g.*, ECF No. 13 at 12-13 (collecting cases).  Finally, the third prong has been satisfied, as the record shows no dilatory behavior by petitioner in this proceeding or the underlying agency action.  *See generally* ECF No. 12 at 43-53; ECF No. 13 at 5.  For all of these reasons, the undersigned recommends the proceeding be stayed and held in abeyance until the appeal currently pending in the BIA is final.

////

////

////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

    1)    Petitioner's petition for writ of habeas corpus (ECF No. 1) be STAYED AND HELD IN ABEYANCE pending resolution of his appeal in the Board of Immigration Appeals from the Immigration Judge's August 8, 2025 bond decision.

    2)    The parties be ORDERED to file a joint status report within 14 days of the date the Board of Immigration Appeals issues its decision in that appeal, advising the court of the outcome of the appeal and the status of petitioner's custody.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 11, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9